IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA GONZALEZ and GONZALO GONZALEZ,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SUNTRUST MORTGAGE, INC., et al.,<br><br>　　　　Defendants.<br>_____ | ) Case No.: 1:11-cv-01284 LJO JLT<br>)<br>) SECOND ORDER TO SHOW CAUSE WHY<br>) THE ACTION SHOULD NOT BE DISMISSED<br>) FOR FAILURE TO PROSECUTE THIS<br>) ACTION AND FOR FAILURE TO OBEY THE<br>) COURT'S ORDERS<br>)<br>)<br>)<br>) |

　　　　Maria Gonzalez and Gonzalo Gonzalez ("Plaintiffs") filed a complaint in Kern County Superior Court on July 13, 2011, alleging illegal truth and lending practices by various defendants, who removed the matter to this Court on August 1, 2011. (Doc. 1). On September 8, 2011, the Court ordered Plaintiffs "to serve their Complaint on defendants Lennar Corporation and Lennar Homes of California and to file proofs of effective service of process of plaintiff's Complaint" no later than September 23, 2011. (Doc. 12 at 2).

　　　　When Plaintiffs failed to proofs of service, on October 4, 2011, the Court ordered Plaintiffs to show cause why the matter should not be dismissed for their failure to obey the Court's order. (Doc. 18) However, on October 17, 2011, Plaintiffs appeared before the Court and represented that they had served the outstanding defendants and would immediately file proofs of service. As a result, the Court discharged the order to show cause. (Doc. 20)

　　　　On October 19, 2011, Plaintiffs filed only one proof of service indicating that on July 14,

1

2011, Lennar Homes of California was served via their agent for service, CT Corporation. Id. at 3. Though this demonstrates service of process on Lennar Homes of California, Plaintiffs still have failed to provide proof of service to Lennar Corporation.

On the other hand, despite that nearly 90 days have passed since the service of the summons and complaint on Lennar Homes of California with no responsive pleading being filed, Plaintiffs have failed to take any action to obtain default judgment against this defendant.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiffs are ORDERED to show cause within fourteen days of the date of service of this Order:

1. Why the action should not be dismissed against Lennar Corporation for their failure to prosecute the matter as to this defendant and to follow the Court's Order; and,

2. Why the action should not be dismissed against Lennar Homes of California for their failure to prosecute the matter as to this defendant. Alternatively, Plaintiffs may file their request for the Clerk's entry of default.

IT IS SO ORDERED.

Dated:   **October 20, 2011**                              **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE