IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA GONZALEZ and GONZALO GONZALEZ,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SUNTRUST MORTGAGE, INC., et al.,<br><br>　　　　　Defendants.<br>_____ | ) Case No.: 1:11-cv-01284 LJO JLT<br>)<br>) FINDINGS AND RECOMMENDATION TO<br>) DISMISS THE ACTION FOR PLAINTIFFS'<br>) FAILURE TO PROSECUTE AND OBEY THE<br>) COURT'S ORDERS<br>)<br>)<br>)<br>)<br>) |

Maria Gonzalez and Gonzalo Gonzalez ("Plaintiffs") filed a complaint in Kern County Superior Court on July 13, 2011, alleging illegal truth and lending practices by Defendants, who removed the matter to this Court on August 1, 2011. (Doc. 1). For the following reasons, the Court recommends the action be **DISMISSED WITH PREJUDICE**.

**I.  Procedural History**

On August 29, 2011, the Court issued an order dismissing the action with prejudice and directing entry of judgment in favor of defendants SunTrust Mortgage, Inc.; Mortgage Electronic Registration Systems, Inc.; National Mortgage LLC; and Federal National Mortgage Association Bank of America, N.A. (Doc. 9 at 15). The Court ordered Plaintiffs to show cause why the action should not be dismissed against Lennar Corporation, Lennar Homes of California, and Recontrust Company no later than September 7, 2011. *Id.* Plaintiffs filed a timely response to the Court's order. (Doc. 11). Upon review of Plaintiffs'

response, the Court found Plaintiffs "failed to substantiate a claim against defendant Recontrust Company." (Doc. 12 at 1). Therefore, the Court dismissed defendant Recontrust Company from the action. *Id.* at 2. In addition, the Court ordered Plaintiffs "to serve their Complaint on defendants Lennar Corporation and Lennar Homes of California and to file proofs of effective service of process of plaintiff's Complaint" no latter than September 23, 2011. *Id.*

Plaintiffs failed to comply with the Court's order to file proofs of service, and on October 4, 2011, the Court issued an order to show cause as to why the action should not be dismissed for Plaintiffs' failure to prosecute and obey the Court's order. (Doc. 18). At a hearing on October 17, 2011, Plaintiffs appeared and informed the Court they had served defendants (Doc. 20). Therefore, the Court discharged the order to show cause, but ordered Plaintiffs to file proofs of service by October 21, 2011. *Id.* at 1. Plaintiffs filed only one proof of service, indicating they served Lennar Homes of California via their agent for service, CT Corporation. (Doc. 21 at 3). Therefore, the Court issued a second order to show cause why the action should not be dismissed for Plaintiffs' failure to prosecute and obey the Court's orders. (Doc. 22). Though Plaintiffs were granted fourteen days from October 20, 2011, or until November 3, 2011, they have failed to comply with the Court's order.

**II.   Failure to prosecute and obey the Court's orders**

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

### III. Discussion and Analysis

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Notably, Plaintiffs have failed to provide evidence the defendant Lennar Corporation has been served, despite the necessity of service before the case may proceed.

Finally, the Court's warning to Plaintiffs that failure to comply with its order would result in dismissal satisfies the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Plaintiffs were informed that the Court "may dismiss an action with prejudice, based upon a party's failure to prosecute an action or failure to obey a court order ..." (Doc. 18 at 2; Doc. 22 at 2). Thus, Plaintiffs had adequate warning that dismissal would result from noncompliance with the Court's orders and their failure to prosecute the action. Nevertheless, Plaintiffs have failed to comply with several orders of the Court. Given these facts, the Court finds the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

### IV. Findings and Recommendations

Plaintiffs have failed to prosecute this action or show proof all remaining defendants have been served. Furthermore, Plaintiffs have failed to comply with the Court's Orders. (Docs. 20, 22).

Accordingly, **IT IS HEREBY RECOMMENDED**:

This action be **DISMISSED WITH PREJUDICE** for Plaintiffs failure to prosecute and failure to obey the Court's orders.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these Findings and Recommendations, Plaintiffs may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiffs are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 7, 2011**                                             /s/ Jennifer L. Thurston
                                                                                         UNITED STATES MAGISTRATE JUDGE